UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KINSELL, NEWCOMB & DE DIOS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, N.A., et al.,**<br><br>Defendants. | **Case No. 3:11-cv-00994-JAH-WMC**<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

Plaintiff, Kinsell, Newcomb & De Dios, Inc. ("plaintiff") filed a complaint against Bank of America in San Diego Superior Court on April 6, 2011. Bank of America removed the action to this Court on May 6, 2011. On May 10, 2011, Bank of America filed a Notice that this case is related to thirty five consolidated cases currently pending in a MDL proceeding in the Southern District of New York. That same day, Bank of America also filed a Motion for Extension of Time to File Answer or other Responsive Pleading ("motion"). In that motion, Bank of America requests an extension of time to respond to plaintiff's complaint until ten days after the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") decides whether the instant matter should be transferred to the MDL proceeding.[1] According to Bank of America, the MDL

---

[1] Bank of America's response to plaintiff's complaint was originally due on May 13, 2011. Plaintiff stipulated to a one week extension of time until May 20, 2011.

1

Panel "is scheduled to consider motions on July 28, and should consider this case at that session." Doc. 4-1 at 3. Bank of America contends good cause exists for granting its motion because judicial and party resources will otherwise be wasted in the event this case is subsequently transferred to the MDL proceeding.

Plaintiff filed an opposition to the motion on May 16, 2011. In its opposition, plaintiff contends there is no guarantee the MDL Panel will consider Bank of America's transfer request on July 28, 2011 and thus the motion essentially requests an extension for an indefinite period of time. Plaintiff also argues it is unlikely that the MDL Panel will find this case appropriate for transfer.

Bank of America filed a Reply on May 20, 2011. In its Reply, Bank of America claims the MDL Panel will likely determine a transfer is warranted Bank of America also claims plaintiff will not be prejudiced if the Court grants its motion.

On May 24, 2011, Bank of America filed a supplemental reply to notify the Court that the MDL Panel declined to issue a Conditional Transfer Order in this case. Bank of America states it intends to file a motion to transfer with the MDL Panel that will explain in greater detail why this case should be transferred.[2] Bank of America also reiterates its request for an extension of time to respond to plaintiff's complaint until the MDL Panel rules on that motion.

Plaintiff filed a surreply on May 25, 2011. According to plaintiff, the MDL Panel's decision not to issue a Conditional Transfer Order supports its contention that this case is unlikely to be transferred to the MDL proceeding. Therefore, plaintiff argues, no good cause exists to grant Bank of America's motion.

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, **for good cause**, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension

---

[2] Bank of America filed a motion to transfer with the MDL Panel on May 26, 2011.

2

expires." Granting a motion to stay is within the sound discretion of the Court. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C. D. Cal. 1997).

Bank of America cites various district court cases for the proposition that judicial economy is served by staying proceedings while the MDL Panel considers a motion to transfer. However, in the majority of cases cited by Bank of America the MDL Panel had previously granted a Conditional Transfer Order to the party requesting the stay. See, e.g., Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804 (N.D. Cal. 1998); In re Vioxx Product Liability Cases, 2005 WL 6573263 (S.D. Cal. July 11, 2005). Because of the high probability that the cases would be transferred to a MDL proceeding, the courts in Good and Vioxx found a stay warranted.

In this case, unlike Good and Vioxx, the MDL Panel has declined to issue a Conditional Transfer Order. At this point in the proceedings the Clerk of the MDL Panel "has determined [this case] is not appropriate for inclusion in this MDL." Doc. 10-1, Ex. A. In light of the MDL Panel's decision, this Court cannot agree with Bank of America that this case is likely to be transferred to the MDL proceeding. Accordingly, this Court finds good cause does not exist to grant Bank of America's request for an extension of time.

Based on the foregoing, IT IS HEREBY ORDERED that Bank of America's Motion for Extension of Time to File Answer or other Responsive Pleading is DENIED. Bank of America shall file its Answer or other responsive pleading to plaintiff's complaint no later than **June 6, 2011.**

Dated: May 31, 2011

Hon. John A. Houston
United States District Judge

3