

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION
Kinsell, Newcomb & De Dios, Inc. v. Bank of America, N.A., )
et al., S.D. California, C.A. No. 3:11-00994 ) MDL No. 1950

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407(c), defendant Bank of America, N.A. (Bank of America) moves for transfer of this Southern District of California action (*Kinsell*) to the Southern District of New York for inclusion in MDL No. 1950. Plaintiff Kinsell, Newcomb & De Dios, Inc., opposes the motion.

After reviewing the argument of counsel, we conclude that inclusion of this action in MDL No. 1950 is not necessary to achieve the just and efficient conduct of the litigation. Plaintiffs in MDL No. 1950 allege one or more conspiracies to rig bids and fix, maintain and/or stabilize interest rates provided on municipal derivatives to state and local municipalities in the United States. Causes of action include claims under Section 1 of the Sherman Act as well as fraudulent concealment, unjust enrichment, and violations of state antitrust and unfair competition laws.

Plaintiff in the *Kinsell* action is an investment banking firm and complains, among other things, that its transactions with Bank of America, and CDR Financial Products Inc. tarnished its professional reputation and caused it to lose business. Plaintiffs in the actions in MDL No. 1950 are primarily municipalities that allege, *inter alia*, they received lower interest rates on their municipal derivatives contracts than they would have received in a competitive market. Although Bank of America's participation in a purported bid-rigging conspiracy underlies the allegations in all actions, the differences in the identities of the plaintiffs and the relief they seek likely means that this action will require new motion practice.

The proceedings in MDL No. 1950 are somewhat advanced. The litigation has now passed through two rounds of motions to dismiss, and the amended complaint that survived these motions has been answered by all remaining defendants. Transfer of an action with unique claims at this juncture could prove disruptive, particularly when suitable alternatives exist to minimize any duplication in discovery. Indeed, in its pleading to the Panel, the plaintiff asserted its willingness to stipulate to an

---

[*]  Judges Paul J. Barbadoro and Marjorie O. Rendell took no part in the decision of this matter.

- 2 -

agreement to abide by some or all of the discovery rules imposed by the transferee court and to use any relevant discovery conducted in MDL No. 1950 in this action as well. Accordingly, we are not persuaded that transfer of this action to MDL No. 1950 is warranted.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of this action is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones