CHAD R. FULLER (CSB No. 190830)
GOODWIN PROCTER LLP
cfuller@goodwinprocter.com
4365 Executive Drive, 3rd Floor
San Diego, CA 94105
Telephone: (858) 202-2712
Facsimile: (858) 457-1255

*Of Counsel*
MICHAEL J. CIATTI
PATRICIA L. MAHER
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006-4706
E-mail: mciatti@kslaw.com
E-mail: pmaher@kslaw.com
Telephone:  (202) 737-0500
Facsimile:  (202) 626-3737

Attorneys for Defendant
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KINSELL, NEWCOMB & DE DIOS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | **Case No. 3:11-cv-00994-JAH-WMC**<br><br>**BANK OF AMERICA, N.A.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

Pursuant to this Court's August 19, 2011 order (Docket Entry No. 30), Defendant Bank of America, N.A. ("Bank of America") submits this Sur-Reply In Opposition to Kinsell, Newcomb & De Dios, Inc.'s ("KND") Motion for Leave to File a First Amended Complaint.

Bank of America requested leave to file this Sur-Reply to address KND's misstatement regarding the legal standard that governs the analysis of post-removal joinder of a non-diverse defendant. *See* Docket Entry No. 24 at 3-4.

Application of the correct legal standard strongly supports denial of KND's Motion for Leave to File a First Amended Complaint. Relying on a case decided eleven years ago, KND contends that this Court "recently stated" that there is a conflict of authorities on what standard governs post-removal joinder of non-diverse defendants. Docket Entry No. 24 at 3 (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 657 (S.D. Cal. 2000)). In fact, the Ninth Circuit has clearly held that post-removal joinder is governed by 28 U.S.C. § 1447(e):

> Once removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party. 28 U.S.C. § 1447(e) provides that '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'

*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)). *See also Sullivan v. OM Financial Life Ins. Co.*, No. 10-cv-839, 2010 WL 5137159 at *1-2 (S.D. Cal. Dec. 10, 2010) (applying 28 U.S.C. § 1447(e)); 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 (4th ed. 2011) (post-removal joinder committed to district court's discretion under § 1447(e), even when amendment would otherwise be automatic under Rule 15(a)).

KND does not and cannot cite any Ninth Circuit authority for the proposition that Rule 15(a) applies to a *post-removal*, diversity-destroying joinder, and instead relies on: *Owens v. Kaiser Found. Health Plan, Inc*., 244 F. 3d 708 (9th Cir. 2001), which did not involve post-removal amendment at all; *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-88 (C.D. Cal. 1999), which held that a diversity-destroying amendment must be considered under § 1447(e), and *not* Rule 15(a); and *Oum v. Rite Aid*, No. 08-cv-7741, 2009 WL 151510, *1 n.1 (C.D. Cal. Jan. 20,

2009), which did not involve post-removal, diversity-destroying joinder because the plaintiff was not joining the individual defendant as a new party.

Under 28 U.S.C. § 1447(e), the most significant consideration in determining whether to allow post-removal joinder of a non-diverse defendant is whether the amendment is being sought to destroy federal jurisdiction. *See Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1121 (N.D. Cal. 2006).  KND's motive to defeat diversity jurisdiction is evident from:  (i) KND's simultaneous dismissal of its federal RICO claim; (ii) KND's longstanding awareness of Chambers, Dunhill, Rubin & Co. ("CDR") as an entity that KND believes it has claims against (as evidenced by KND's inclusion of CDR in the draft complaint sent to Bank of America); (iii) the lack of new allegations in KND's proposed First Amended Complaint; and (iv) KND's failure to explain why, after making the conscious decision to drop CDR from the as-filed complaint, it has reversed course to seek to join CDR as a defendant —after removal and after the deadline for moving to remand under 28 U.S.C. § 1447(c).  *See, e.g., Clinco*, 41 F. Supp.2d at 1083 (where amended complaint filed after removal is substantially similar to original complaint but adds a non-diverse defendant, "one could justifiably suspect that [the] amendment of the complaint was caused by the removal rather than an evolution of his case"); *Bakshi v. Bayer Healthcare, LLC*, No. C07-00881, 2007 WL 1232049, *5 (N.D. Cal. April 26, 2007) (amendment denied where unexplained timing of post-removal amendment led to conclusion that it was sought to destroy diversity jurisdiction).

Despite plenty of opportunity, KND has not denied that the reason KND changed its position on naming CDR as a party was to destroy diversity, nor has KND provided this Court with any explanation regarding the timing of its post-removal request to add a diversity destroying defendant.[1]  The conclusion that KND's amendment was brought to destroy diversity

---

[1]  A subheading in KND's Motion for Leave to File an Amended complaint states that "The Purpose of the Amendment Was Not to Defeat Jurisdiction, and KND Can Establish a Claim Against CDR" (Docket Entry No. 15-1 at 8), but the accompanying text relates only to the strength of KND's claim against CDR and does not address the purpose of the proposed amendment at all.

jurisdiction is unavoidable where there has been no development of new facts in this case to date, and no new substantive allegations added to the proposed amended complaint.[2]

For the foregoing reasons, as well as the reasons set forth in its Opposition, Bank of America respectfully submits that this Court should deny KND's Motion for Leave to File a First Amended Complaint.

Respectfully submitted,

DATED: August 29, 2011

GOODWIN PROCTER LLP


By: /s/ Chad R. Fuller
    CHAD R. FULLER
4365 Executive Drive, 3rd Floor
San Diego, CA 92121
E-mail: cfuller@goodwinprocter.com
Telephone:  (858) 202-2712
Facsimile:  (858) 457-1255
    CA Bar No. 190830

*Of Counsel*
MICHAEL J. CIATTI
PATRICIA L. MAHER
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006-4706
E-mail: mciatti@kslaw.com
E-mail: pmaher@kslaw.com
Telephone:  (202) 737-0500
Facsimile:  (202) 626-3737

Attorneys for Defendant
BANK OF AMERICA, N.A.

---

[2] In its Opposition to Bank of America's Motion to Dismiss, KND has effectively conceded that its RICO claim lacks merit by offering no opposition to Bank of America's argument that it should be dismissed. Regardless of how the federal claim is dismissed—voluntarily or based on Bank of America's motion—this Court may exercise supplemental jurisdiction over the remaining claims which are all part of the same case or controversy, even if CDR is joined as a defendant. *See* 28 U.S.C. § 1367.  The court should exercise such jurisdiction here, where the case has been pending for five months and the parties have fully briefed the motion to dismiss.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 29, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/ Chad R. Fuller  
Chad R. Fuller